Julián Molinary Cintrón, Appellant, *v.* Registrar of Property of San Juan (Second Section), Respondent.

No. 870. Submitted November 7, 1932.—Decided November 29, 1932.

*H. Torres Solá* for appellant. The registrar did not appear.

Mr. Justice Hutchison delivered the opinion of the Court.

The term of a mortgage executed in 1908 expired on May 2, 1909. The mortgage was recorded in December, 1912. In June, 1932, the registrar of property refused to cancel this entry upon the theory that the twenty years specified in section 2 of a law approved August 29, 1923 (First Special Session, p. 36) should be counted from the date of the record entry, not from the maturity date of the mortgage obligation.

Subdivision (*a*) of section 1 of that law authorizes the cancellation of "mentions of mortgages, annuities (*censos*), and of other rights covering the payment of money or deferred payment of the price of purchase and sale of real property" after a lapse of twenty years from the date of the entry. Subdivision (*b*) authorizes the cancellation of entries of attachments and other court orders after a period of four years from the date of the entry. Subdivision (*c*) authorizes the cancellation of entries concerning bonds furnished by public officers and secured by mortgages, after the lapse of twenty years from the date of execution. Subdivision (*d*) authorizes the cancellation of "judgment liens recorded in the registry for over five years." Section 2 authorizes a summary judicial proceeding for the cancellation of mortgages (overdue for twenty years or, constituted for that time if they have no term), and further provides that:

"On the lapse of one year from the date on which this Act takes effect and on petition of the aforesaid interested parties, registrars shall cancel the mortgage referred to in this section, without need of any notice whatever, if the filing of suit to recover the same or the subsistence of such liens is not shown in the registry."

We find here no indication of a legislative intention that the period of twenty year prescribed by section 2 shall be counted from the date on which the mortgage was recorded. The language of that section is perfectly plain and leaves no room for construction. It is a case of *lex scripta.*

The ruling appealed from must be reversed.